# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:   Kevin M Bove<br>                 Debtor | Chapter 13<br>Bankruptcy No. 20-10799-amc |
| Navy Federal Credit Union, or its Successor or Assignee<br>                 Movant<br>       vs.<br>SCOTT F. WATERMAN, Trustee<br>Kevin M Bove<br>                 Respondents | |

## ORDER GRANTING SETTLEMENT STIPULATION

It is hereby ORDERED that the Stipulation to Settle Motion of Navy Federal Credit Union for Relief from the Automatic Stay is hereby APPROVED.

**Date: June 22, 2022**

For the Court:

_____
ASHELY M. CHAN
U.S. Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: Kevin M Bove<br>　　　　Debtor<br><br>Navy Federal Credit Union, or its Successor or Assignee<br>　　　　Movant<br>　　vs.<br><br>SCOTT F. WATERMAN, Trustee<br>Kevin M Bove<br>　　　　Respondents | Chapter 13<br>Bankruptcy No. 20-10799-amc |

## SETTLEMENT STIPULATION

WHEREAS, on February 7, 2020, Kevin M Bove (the "Debtor") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania;

WHEREAS, on May 12, 2022, Navy Federal Credit Union (Movant) filed a Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. Section 362(a) (the "Motion") regarding property located at: 3623 Gaul Street, Philadelphia, Pennsylvania 19134;

WHEREAS, Movant and the Debtor are desirous of settling the dispute among and between themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among counsel for Movant, by and through its attorneys, MARGARET GAIRO, ESQUIRE, MARISA M. COHEN, ESQUIRE, and ANDREW M. LUBIN, ESQUIRE, and the Debtor, by and through his/her counsel, BRAD J. SADEK, ESQUIRE ("Debtor's Counsel") as follows:

1.　　The parties hereby certify that the post-petition delinquency is $6,005.95, consisting of post-petition payments for the months of March 1, 2022 through June 1, 2022 (1 mo. x $1,435.75 representing March 2022 & 3 mos. x $1,523.40 representing April 2022 through June 2022). Debtor's monthly mortgage payment is $1,523.40. Debtor is credited with

funds in suspense in the amount of $62.48 and Movant has incurred attorney fees and costs totaling $1,238.00, thereby increasing the post-petition arrears to $7,181.47.

2. Within thirty (30) days of the date of this Stipulation, the Debtor shall file an Amended Chapter 13 Plan to provide cure for the balance of the post-petition delinquency in the amount of $7,181.47 as referenced in Paragraph 1 of this Stipulation.

3. Upon filing of the Amended Chapter 13 Plan, Movant shall amend its Proof of Claim to include the balance of the post-petition delinquency in the amount of $7,181.47 as referenced in Paragraph 1 of this Stipulation.

4. Debtor shall resume making regular monthly mortgage payments in the amount of $1,523.40 beginning on July 1, 2022

5. All payments are to be made payable to Navy Federal Credit Union at the following address:

Navy Federal Credit Union
P.O. Box 3302
Merrifield, VA 22119-3800

6. The last four digits of your loan number 3935. Please remember to write your entire account number on the lower left-hand corner of your payment to ensure proper processing.

7. Should Debtor fail to comply with any of the terms of this Stipulation, including but not limited to, failure to file an Amended Chapter 13 Plan providing for cure of the post-petition delinquency, failure to make the above described payments, or any regular monthly mortgage payment commencing after the cure of the post-petition delinquency, then Movant may send Debtor and counsel a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel for Movant may file a Certification of Default with the Court. Said Certification of Default may include a certification of Debtor's failure to pay subsequent payments that fall due after the date of the notice of default. Upon

Certification, the Court shall enter an Order granting relief from the automatic stay as to the mortgaged property.

8. In the event the Debtor converts his/her case to Chapter 11, the terms of this Stipulation shall remain in full force and effect. In the event that Debtor converts his/her case to a Chapter 7, Debtor shall cure all pre-petition and post-petition arrears within ten (10) days of the date of conversion. Failure to cure the arrears shall constitute an event of default under this Stipulation and Movant may send Notice of Default and certify default as set forth in the preceding paragraph.

9. Attorney fees and costs for issuing Notice to Cure, Notice / Certificate / Affidavit of Default, and order for relief are recoverable and may be added to the arrearage.

10. Counsel for Debtor has authority to settle this matter on behalf of his/her clients.

Margaret Gairo, Esquire
Marisa M. Cohen, Esquire
Andrew M. Lubin, Esquire
McCabe, Weisberg & Conway, LLC
123 S. Broad Street
Suite 1400
Philadelphia, PA 19109
Attorney for Movant

6/16/22
Date

BRAD J. SADEK
Sadek and Cooper
1315 Walnut Street

Suite 502
Philadelphia, Pennsylvania 19107
Attorney for Debtor

_6/16/22_
Date

_Rolando Ramos for_
Scott F. Waterman
Chapter 13 Trustee
2901 St. Lawrence Ave.
Suite 100
Reading, PA 19606
Trustee

_6/17/2022_
Date